IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WEST CRIM, #201933, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05-CV-933-F |
| | ) [WO] |
| | ) |
| ARNOLD HOLT, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

West Crim ["Crim"], a state inmate, filed this 28 U.S.C. § 2254 application for habeas corpus relief on September 28, 2005,[1] challenging his conviction for attempted murder by the Circuit Court of Lee County, Alabama on August 26, 1998. The trial court sentenced Crim to life imprisonment on December 3, 1998.

**DISCUSSION**

A review of this court's records reveals that Crim filed a previous habeas petition pursuant to 28 U.S.C. § 2254 challenging this same conviction. *See Crim v. Owen, et al.*, Civil Action No. 01-T-1340-E (M.D. Ala. 2003). This court dismissed the petition as

---

[1]Although the Clerk stamped the financial affidavit and habeas petition "filed" on September 30, 2005, it is apparent that Crim delivered these pleadings to prison authorities for mailing prior to this date. A review of the pleadings submitted herein indicates that Crim had the *in forma pauperis* affidavit and the habeas petition within his possession on September 28, 2005 and therefore could not have delivered these documents to prison personnel for mailing to this court prior to this date. In light of the pleadings filed herein and with no other evidence to the contrary, the court concludes that September 28, 2005 should be considered the date of filing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11 Cir. 1993).

untimely filed.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). It is clear from Crim's pleadings that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Crim's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be dismissed. *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by West Crim on September 28, 2005 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as the petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.[2]

It is further

ORDERED that on or before October 24, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

---

[2]The court notes that any § 2254 petition filed by the petitioner is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [Crim] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of October, 2005.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE